■ In the Matter of Jeremy H. and Others, Children Alleged to be Neglected. Logann K., Appellant; Administration for Children's Services of the City of New York, Respondent. [957 NYS2d 2]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about December 8, 2011, which, following a fact-finding hearing, determined that appellant mother had neglected Jasir-Keiomura H. and Jeremy H., and derivatively neglected Jyeh-Keiyonce H., and committed custody and guardianship of the children to their maternal grandmother, directed the mother to submit to a mental health evaluation, and limited her visitation to biweekly supervised visits, unanimously affirmed, without costs. Appeal from the fact-finding order, same court and Judge, entered on or about August 16, 2011, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.

This Court previously held that the mother derivatively neglected two of her other children, finding that the same evi-

dence that supported the Family Court's findings that the mother had used inappropriate and excessive corporal punishment against two of the subject children, and derivatively neglected the third subject child, demonstrated by a preponderance of the evidence that she had neglected those two children as well (*Matter of Jacob H. [Logann K.]*, 94 AD3d 628 [1st Dept 2012], *lv dismissed* 19 NY3d 952 [2012]). That finding is law of the case (*see Kenney v City of New York*, 74 AD3d 630, 630-631 [1st Dept 2010]).

In any event, considering the merits of the mother's arguments raised on this appeal, we conclude that the findings of neglect and derivative neglect as to the subject children were supported by a preponderance of the evidence. Such evidence included the testimony of a caseworker that Jeremy stated that the mother hit him in the head with a closed fist and that he got the "worse" of all the children, and that Jasir told her that the mother hit her with a belt, a ruler, and a spoon that felt "like a rock." The caseworker also observed four healing nail marks on one child's arm, and the medical records noted scratches on Jasir that were too numerous to have occurred in the normal course. Moreover, the court was entitled to draw the strongest negative inference from the mother's failure to testify in the proceedings (*see Matter of Taylor C. [Christin C.]*, 89 AD3d 405, 406 [1st Dept 2011]). The out-of-court statements of Jasir and Jeremy to the caseworker were corroborated by the caseworker's testimony, the medical records of Jasir, and the consistent account of those two children (*see Matter of Keisha McL.*, 261 AD2d 341, 342 [1st Dept 1999]). This evidence also amply supported the court's finding of derivative neglect.

The mother asserts that the court improperly limited her visits to biweekly supervised visits at the agency. The court properly exercised its discretion in limiting the mother's visits where she had not visited consistently in the past and her mental condition appeared to be deteriorating.

We have considered the mother's other arguments, and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Acosta and Freedman, JJ.